IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.                                              Case No: 03-10201-WGY

KEVIN ROSAS,

    Petitioner.


MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S

28 U.S.C. § 2255 MOTION TO VACATE HIS SENTENCE OR SET-ASIDE

JUDGEMENT OF CONVICTION


    **NOW COMES**, the petitioner, appearing pro se in the above matter, and would humbly request that the Honorable Court grant this, his Motion to Vacate his Sentence and/or Set-Aside his Judgement of Conviction and would show the Court as follows:


**PROCEDURAL BACKGROUND**

    The petitioner was charged with and indicted for Conspiracy to Possess with the Intent to Distribute a 'quantity' of heroin in violation of 21 U.S.C. § 841(a)(1). The indictment consisted of Counts 1-6. The petitioner was convicted in lieu of a guilty plea and sentenced by the Honorable Judge W. Young on 04/08/04, and recieved a term of imprisonment, 121 months to be followed by 5 years of supervised release.

APPLICATION OF THE SENTENCING GUIDLINES TO PETITIONER'S SENTENCING VIOLATED HIS SIXTH AMENDMENT RIGHTS UNDER BLAKELY v. WASHINGTON, 124 S. Ct. 2531 (2004).

Following the Supreme Court's recent decision in Blakely v. Washington, 124 S. Ct. 2531 (June 24, 2004), a number of courts have correctly held that the Sentencing Guidelines can no longer be constitutionally applied and that defendants must be sentenced under the former discretionary sentencing system. In Mr. Rosas's case, that would mean he could be sentenced on the drug count to anywhere from no prison time up to the statutory maximum of 20 years in prison. Since sentencing Mr. Rosas pursuant to the Guidelines violated his Fifth and Sixth Amendment rights, his sentence should be Vacated and the matter remanded for resentencing.

A. The Sentencing Guidelines are Unconstitutional

In Blakely v. Washington, 124 S. Ct. 2531 (2004), the Supreme Court reaffirmed the rule of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "[o]ther than fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely applied Apprendi to the Washington sentencing statute, which mandated a certain maximum sentence (in Mr. Blakely's case 53 months) based on facts underlying a conviction, but then permitted the judge to increase this to a higher sentence based on additional facts that were not found by the jury or admitted in the guilty plea. Mr. Blakely's sentence was increased to 90 months. The statutory maximum penalty for his crime was ten years.

The Supreme Court held that Washington's sentencing scheme violated the defendant's Sixth Amendment rights. The "'statutory maximum' for

IN THE UNITED STATES DISTRICT COURT
FOR THE           DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIMINAL NUMBER: 03-10201-WGY |
| KEVIN ROSAS | ) |

## PRO SE CERTIFICATE OF SERVICE

I, KEVIN ROSAS, Petitioner herein, do hereby certify that an original and two copies of the foregoing filing has been furnished upon the Office of Clerk for the United States District of MASSACHUSETTS :

OFFICE OF THE CLERK
U.S. DEPARTMENT OF JUSTICE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

And a true and correct copy has been furnished upon the Office of the United States Attorney for the       District of MASSACHUSETTS :

ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY
DEPARTMENT OF JUSTICE
DISTRICT OF MASSACHUSETTS

I declare under penalty of perjury that the foregoing is true and correct. Executed on this day 12 of OCT, 2004

_____Kevin Rosas_____

Apprendi purposes," the Court held, "is the maximum sentence a judge may impose <u>solely</u> on the basis of the facts reflected in the jury verdict or admitted by the defendant." <u>Blakely</u>, 124 S. Ct. at 2537 (emphasis in original). It was irrelevant that Washington also set a separate and higher statutory maximum penalty for the offense of conviction. As the court explained, "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose <u>without</u> any additional findings." Id.(emphasis in original). The judge may not "inflict[] punishment that the jury's verdict alone does not allow...." <u>Id.</u>

It is clear that the <u>Blakely</u> decision applies to Mr. Rosas's case since the U.S. Sentencing Guidelines were used to calculate his range of penalties including 'relevant conduct.' Morever, as numerous courts have now held, there is no tenable distinction between the Sentencing Guidelines and the sentencing sceme invalidated in <u>Blakely</u>. Thus, three Courts of Appeals have at least partially invalidated the Guidelines in the wake of <u>Blakely</u>. <u>United States v. Pirani</u>, 2004 Wl 1748930 (8th Cir. August 5, 2004); <u>United States v. Mooney</u>, 2004 WL 1636960 (8th Cir. July 23, 2004), <u>opinion vacated and rehearing en banc granted</u> (Aug. 6, 2004); <u>United States v. Ameline</u>, 2004 WL 1635808 (9th Cir. July 21, 2004); <u>United States v. Booker</u>, 2004 WL 1535858 (7th Cir. July 9, 2004), cert. granted, 2004 WL 1713654 (U.S. August 2, 2004). The Supreme Court has granted certiorari to the government in two cases to decide whether the Sentencing Guidelines are constitutional. <u>Booker</u>, 2004 WL 1713654 (U.S. August 2, 2004); <u>United States v. Fanfan</u>, 2004 WL 1713655 (U.S. August 2, 2004). Argument in these cases is scheduled for October 4, 2004. <u>Id.</u> The Second Circuit has decided to refrain from deciding the issue pending resolution by the Supreme Court. <u>United States v. Penaranda</u>, 2004 WL

1551369 (2d cir. July 12, 2004).[1]

Courts have further concluded that, because it is not possible sever the unconstitutional aspects of the Guidelines from those that are constitutional, the Guidelines are unconstitutional in their entirety. e.g., Mooney, 2004 WL 1636960 at *13 ("[T]he Guidelines were designed as an integrated regime, and therefore cannot be severed into constitutional and unconstitutional parts while still remaining true to the legislative purpose"); United States v. Einstman, 2004 WL 1576622 (S.D.N.Y. July 14, 2004); United States v. Marrerro, 2004 WL 1621410 (S.D.N.Y. July 21, 2004); United States v. Mueffleman, 2004 WL 1672320 (D. Mass. july 26, 2004); United States v. King, 2004 U.S. Dist. LEXIS 13496 (M.D. Fla. July 19, 2004). As numerous courts have now concluded, the end result of Blakely, therefore, is "the return to indeterminate sentencing." Einstman, 2004 WL 1576622 at *7;, accord Marrero, 2004 WL 1621410 at *3 ("Court must revert to the previous [sentencing] regime"); Mueffleman, 2004, 2004 WL 1672320 at *12 (court "obliged to sentence...according to the pre-1984 system"); King, 2004 U.S. Dist. LEXIS 13496 at *18 ("[T]he unavoidable result of finding the Guidelines unconstitutional in their entirety is a return to an indeterminate system").

Accordingly, it was error to sentence Mr. Rosas under the unconstitutional regime. Although it has been argued that only sentences involving enhancments violate Blakely, sentencing some federal defendants according to the Guidelines and others under the former discretion-

---

[1] While the Second Circuit has refrained from expressing an opinion on the effect of Blakely on the Guidelines, the Court has joined three other Circuits in ordering district judges to continue to apply the Guidelines pending a decision by the Supreme Court. United States v.

ary system would violate equal protection. A classification satisfies the Equal Protection Clause only if "there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decision maker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational." Nordlinger v. Hahn, 505 U.S. 1, 11-12 (1992) (citations omitted).

In the wake of Blakely, there is no "plausible policy reason" for distinguishing cases in which the Guidelines continue to apply from those cases that escape this regime. no rational sentencing goal is served by sentencing according to this distinction, other than the ephemeral desire to escape the reach of Blakely. moreover, this ad hoc distinction has no basis in sentencing policy. Congress's general goals in establishing the federal sentencing system--fairness, just punishment, deterrence, the protection of the public, and incapacitation, for instance see 18 USSSC. §3553(a)--are not served by such distinction.

Additionally, the selective application of the Guidelines (based on no reason other than desire to evade Blakely) would contravene Conress's intent in enacting the Sentncing Reform Act of 1984. "It is common ground that the Guidelines, promulgated pursuant to the Sentencing Reform Act of 1984, were intended, consistent with the statutory purposes of sentencing, to reduce unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct.'" United States v. Sentamu, 212 F.3d 127, 134 (2nd Cir. 2000),

---

1 cont'd   Mincey, 2004 WL 1794717 (2d Cir. August 12, 2004); US v. Pineiro, 2004 WL 1543170 (5th Cir. July 12, 2004), petition for cert. filed (No. 03-30437); United States v. Hammoud, no. 03-4253 (4th Cir.

quoting 28 U.S.C. § 991(b)(1)(B). Although this goal of ending disparities may have been served by the universal application of the Guidelines, it would be frustrated by their selective application only to some cases.

The prospect that some defendants would be sentenced under the Guidelines regime while others would not, for no reason other than the desire to evade Blakely, "is inherently inconsistent with the basic principles upon which the Guidelines were promulgated." King, 2004 U.S. Dist. LEXIS 13496 at *26. "[C]reating two very different systems to apply simultaneously to different criminal defendants is antithetical to what Congress was trying to achieve when it passed [the Sentencing Reform Act]." Mueffleman, 2004 WL 1672320 at n. 37. Thus, this case should be remanded so that Mr. Rosas can be resentenced outside the Guidelines regime.

B. Mr. Rosas Meets the Standard of Plain Error

Although Mr. Rosas did not raise a Blakely-based objection in the district court, he satisfies the standard of plain error. See United States v. Cotton, 535 U.S. 625, 631-32 (2002); United States v. Thomas, 274 F.3d 655, 666 (2nd Cir. 2001)(en banc).

The framework of the analysis for plain error pursuant to Fed. R. Crim. P. 52(b) is the four-pronged test set forth in United States v. Olano, 507 U.S. 725, 732 (1993). "Before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is

---

1cont'd August 2, 2004) (en banc) (order only-- opinions to follow); United States v. Koch, no. 02-6278 (6th Cir. August 13, 2004) (en banc) (same).

plain, and (3) that affects substantial rights." Johnson v. United States, 520 U.S. 461, 466-67 (1997) (internal quotation marks omitted). "If all three conditions are met, an appellate court may then excercise its discretion to notice a forfieted error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 467, quoting Olano, 507 U.S. at 732 (internal quotation marks omitted).

the first prong of Olano is satisfied: it was error to sentence Mr. Rosas to a term of imprisonment fixed by a guidelines system that cannot be constitutionally appled under Blakely. As established above, in light of Blakely, a court cannot be bound by the Guidelines in determining sentence.

The second prong of Olano is also met. An error is "plain" if it is "clear" or "obvious" at the time of appellate consideration. Johnson, 520 U.S. at 467-68; Thomas, 274 F.3d at 667. Blakely makes the error here "clear: or "obvious." The decision by the district court to limit itself to a 121-151 month sentence on the drug count solely because that was the guideline range, is clear error in light of the fact that Mr. Rosas should not have been sentenced under the Guidelines regime at all.

The district court's error also affected Mr. Rosas's substantial rights," thus satisfying the third Olano prong. "An error affects a defendant's 'substantial rights' if it is prejudicial and affected the outcome of the district court proceedings." Thomas, 274 f.3d at 668 (quotation marks omitted).

In this case, the effect on the sentencing is clear. The court limited itself to a sentence in the range of 121-151 mo, because of

the Guidelines. This sentencing range was based on 'relevant conduct/ drug quantity' that was not presented to the jury to be proven beyond a reasonable doubt nor was their any physical evidence to support such a finding. Mr. Rosas's guideline range would have been a Base Off. Level 12 for undetectable amount of heroin , and a Category I due to this being a first offense resulting in a range of 10-16 months.

It is quite likely that a judge who was free to impose a fair penalty on Mr. Rosas would not inflict a sentence this severe on a young man who was not a 'king pin', and who was not part of an organization which included violence. It is respectfully submitted that the public reputation of our system of justice suffers from unjust punishment such as that imposed on Mr. Rosas , and that the sentence of months would promote, rather than diminish, the fairness and reputation of the proceedings. See United States Sentencing Commission, Just Punishment: Public Perceptions and the Federal Sentencing Guidelines (1997) at Table 3 (69% of public believes crack cocaine punishments are too harsh).

In sum, Mr. Rosas has satisfied the four prongs of the plain error test. This court should therefore Vacate his sentence and order the District Court to resentence him outside the Guidelines regime. See, e.g., Einstman, supra; Marrero, supra; Mueffleman, supra; King, supra.

## CONCLUSION

For the reasons stated above, the judgement should be Vacated and the matter remanded for resentencing.

Respectfully,

Dated: 17 Oct., 2004